JOHN DAVIS *et al.*

*v.*

THE CONNECTICUT MUTUAL LIFE INSURANCE CO.

1. PURCHASER *under decree of foreclosure takes the place of the mortgagee.* The purchaser at a sale under a decree of foreclosure of a mortgage, occupies the same position, as to priority of claims or liens on the property, that the mortgagee does.

2. MECHANIC'S LIEN—*work done on premises for mortgagor after decree of foreclosure.* Where a mortgage has been foreclosed and a decree of sale

entered, and a notice of such sale published, a person who subsequently meddles with the premises, by doing work thereon at the request of the mortgagor, becomes a party to the decree of foreclosure and sale, and is bound to abide the result.

3.   After a decree of foreclosure of a mortgage and a sale of the mortgaged premises, the mortgagor has no such ownership in the premises as will support a lien for labor done or material furnished on the premises.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. ARTHUR RYERSON, for the appellants.

Messrs. ISHAM & LINCOLN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a petition, in the Superior Court of Cook county, to enforce a mechanic's lien, under the following state of facts: Elisha C. Sprague, then the owner of the premises, on July 1, 1867, mortgaged the same to the Connecticut Life Insurance Company, to secure the payment of twenty thousand dollars on September 21, 1871.   In June, 1872, default having been made in the payment, the mortgagees filed their bill to foreclose it, in the circuit court of the United States for the Northern District of Illinois.   On March 17, 1874, a decree of sale was passed, giving to defendant until the 14th of the following September in which to satisfy the decree, in default whereof the master in chancery was directed to sell the premises, after twenty days' notice.   No satisfaction having been made, the master, on October 13, 1874, caused to be published the first of the notices for the sale.   The mortgagor, Sprague, being in possession, on the 14th day of October, entered into a contract with Davis and Caswell, mechanics, to put into the building a steam-heating apparatus, which he was then erecting on the lot, the premises being known as the "Adams House."   On November 6, 1874, the master sold the premises, under the decree, to Jacob L. Greene.   The sale was confirmed by the court, and the master directed to make a deed to the purchaser, which was done, the same bearing date January 12,

1875. On February 10, following, a writ of assistance was issued, and Greene, the purchaser, put in possession, and so remained.

Sprague did not comply with his contract with the mechanics, but failed to pay them; whereupon, on May 17, 1875, they presented to the Superior Court of Cook this petition for a lien, making the insurance company, Greene, Sprague and others, defendants. The result was, a money decree against Sprague for the amount of the claim of the mechanics, but dismissed the petition as to the insurance company and Greene for want of equity, thus virtually decreeing they had no lien.

To reverse this decree the petitioners appeal, and the only question is, as to the justice and equity of such a decree.

Appellants suggest that the interest of Greene in the premises accrued after the contract was made with them, and their lien thus created. The position occupied by Greene is the same as that of mortgagees, the insurance company, and they were prior in time.

We have considered the points made by appellants, and we have reached the conclusion, that as the contract was made by appellants after the decree of sale had passed, and a notice for the sale actually published, they would be held concluded by the decree, and their meddling with the property so circumstanced, makes them a party to the decree, and bound to abide the result. *Jackson* v. *Warren*, 32 Ill. 340. Being contractors under such circumstances, they became subject to the decree as rendered. Pending the foreclosure proceedings, which were not consummated until the sale and deed, and approval of the court, they were in the same position Sprague occupied, and not a different and an independent position. Appellants were bound to take notice of the proceedings, as they were spread upon the records of the court. The interest of Sprague, the contracting party, having been divested by the decree, there remained in him no such ownership as would support a lien. The contract was made subject to the contingency, a bill being pending, of the decree that may be passed. A party to such a proceeding as that was is not in a position

to put a charge or a lien upon the property which is the sub-ject of the litigation. It would be against public policy, on which the doctrine of *lis pendens* is based. We are constrained to hold, the decree and sale cut off all rights appellants claim. It may be to their loss and injury, but they made the contract with their "eyes open," and fully possessed, by the public records, of all the facts, when they contracted.

Perceiving no error in the decree, the same is affirmed.

*Decree affirmed.*