## Case No. 6,055.

HARDS et al. v. CONNECTICUT MUT.
LIFE INS. CO. et al.

[8 Biss. 234; 6 Reporter, 420; 2 Chi. Law J.
18; 26 Pittsb. Leg. J. 32.] [1]

Circuit Court, N. D. Illinois.  June, 1878.

MORTGAGE—FORECLOSURE—TIME FOR REDEMPTION
—FOREIGN INSURANCE COMPANY—INVESTMENT—
PUBLIC POLICY — MECHANIC'S LIEN—LIS PEN-
DENS.

1. After a decree of this court foreclosing a
mortgage, an objection that it does not give the
time allowed for redemption by the Illinois stat-
utes cannot be urged by creditors of the mort-
gagor except in connection with an offer to re-
deem.

2. Insurance companies created by the laws of
other states do not contravene the public policy
of Illinois by investing their assets in mortgages
upon real estate within that state.

3. After bill of foreclosure filed by mortgagee,
it is not within the power of the mortgagor
pending the suit, by contract with a mechanic
without the consent of the mortgagee, to create
an incumbrance upon the property which can in
anywise affect the rights of the mortgagee, as
they may be declared by final decree.

In equity.  On bill and demurrer.  In
June, 1872, defendant filed a bill in this court
to foreclose a mortgage for $20,000, executed
by Sprague, in 1867, upon certain real estate
in Chicago.   March 17, 1874, a decree was
entered giving the relief asked, ordering a
sale and giving the mortgagor six months'
time within which to pay the mortgage debt.
The mortgagor failing to comply, the prop-
erty was sold in November, 1874, Greene be-
coming the purchaser in the interest of the
company.  In January, 1875, a deed was
made to the purchaser.  The present bill
was filed in January, 1875, praying a re-
versal of the foreclosure decree.  It appears
that in September, 1873, Sprague, the mort-
gagor, contracted with complainants to do
certain plastering and carpenter work on the
mortgaged premises.  [William G.] Hards,
in December, 1873, filed his petition in a
state court for a mechanic's lien, and in No-
vember, 1874, amended his petition, making
Greene and the insurance company defend-
ants.  In May, 1874, the other complainants
filed a petition for a mechanic's lien in the
same court against the same parties.  The
company and Greene pleaded the decree of
this court in bar, and as against Hards they
specially pleaded the limitation of six months
prescribed by the mechanic's lien statute of
this state.  The bill here filed alleges that
the insurance company were aware of the
work, etc., being done, but had failed to
make complainants parties to the foreclosure
suit, and that the latter were ignorant of
the pendency of that suit, and that the in-
surance company was forbidden by the laws
of Illinois from taking the mortgage of 1867.
The defendants demurred.

---

[1] [Reported by Josiah H. Bissell, Esq., and
here reprinted by permission.  26 Pittsb. Leg.
J. 32, contains only a partial report.]

Herbert, Quick & Miller, for complainants.
Isham & Lincoln, for defendants.

HARLAN, Circuit Justice (orally, after
stating the facts).  Counsel for complainants
insist that the decree in the foreclosure suit
was erroneous, in that it did not give the
time for redemption allowed by the statutes
of Illinois.  Brine v. Hartford Fire Ins. Co.,
96 U. S. 627.  Touching this objection, it is
sufficient to say that the creditors of the
mortgagor cannot urge that objection ex-
cept in connection with an offer to redeem
the property by paying the mortgage debt.
No such offer is here made.  Complainants'
counsel also insist that the mortgage of 1867
was void upon the ground that a foreign in-
surance company could not at that date, con-
sistently with the settled public policy of
Illinois, take a mortgage upon real estate in
this state.  Waiving any consideration of
the question as to complainants' right at this
late day to urge such an objection, the mort-
gagor himself making no such point, it is
clear that the mortgage was not void upon
any such ground.  After a thorough exami-
nation of all the authorities cited, the court
is satisfied that neither at the time of the
mortgage nor at any time since, has it been
against the public policy of this state for in-
surance companies, created by the laws of
other states, to invest their assets in mort-
gages upon real estate in Illinois.  The cases
of Carrol v. City of East St. Louis, 67 Ill.
568, Starkweather v. American Bible Soc., 72
Ill. 50, and United States Trust Co. v. Lee,
73 Ill. 142, cited by complainants' counsel
in support of his objection, do not embrace a
case like this.  Nothing is to be found in
either of those cases which justifies the state-
ment that the supreme court of Illinois has
decided that insurance companies incorporat-
ed by the laws of other states may not take
mortgages on real estate in Illinois if au-
thorized by their own charter so to do.  On
the contrary, by a statute passed in 1869, do-
mestic life insurance companies are required
to invest a portion of their capital in certain
specified securities, among which are mort-
gages of real estate.  The same statute for-
bids any foreign life insurance company
from transacting business in this state until
it has also an equivalent capital invested in
like manner.  This statute, it is true, was
passed after the mortgage in question was
taken, but the reasonable presumption is that
it would not have been passed had there
been any such public policy as that assumed
by complainants' counsel.

By the mechanic's lien law of the state,
the lien of the mechanic must be asserted by
petition within six months from the time his
claim matures as against the incumbrancer.
Hards did not file his petition within that
time as against the insurance company, and,
therefore, his claim, in any event, is by the
express terms of the statute, barred.  Dun-
phy v. Riddle, 86 Ill. 22.  But there is, also,

a fatal objection to both claims upon another ground. It arises out of the doctrine of lis pendens. Upon default by the mortgagor, the mortgagee had a right to foreclose. This court, having acquired jurisdiction of the parties and the subject matter in the foreclosure suit, it was not within the power of the mortgagor pending that suit, by contract with a mechanic, and without the consent of the mortgagee, to create an incumbrance upon the property which could in anywise affect the rights of the mortgagee as they might be declared by final decree. This was substantially held by the supreme court of Illinois in Davis v. Connecticut Mut. Life Ins. Co., 84 Ill. 508.

In that case the mortgagor, after the decree of sale, but before sale, made a contract with a mechanic. It was held that such a contract did not create an incumbrance upon the property as against the mortgagee, whose rights were settled and fixed by the final decree. The contract here was prior to the decree, but the reason, upon which the doctrine of lis pendens rests, applies to all such contracts made by the mortgagor, after the institution of a suit to foreclose. If the mechanics, by force of the statutes, acquired a prior lien, notwithstanding the pendency of the foreclosure suit, then, according to established rules, they were not affected by the final decree. If, however, they did not acquire a prior lien, but only one subordinate to that of the mortgage, then clearly they could not disturb the decree rendered here, nor have it set aside or modified, except by offering to redeem by paying the mortgage debt.

In reference to the doctrine of estoppel, there is no room for its application in this case. The mere knowledge of the insurance company and its agents that the complainants were doing work and furnishing materials upon the mortgaged premises, could not, in the absence of any assurance on the part of the company that their claim would be recognized notwithstanding the foreclosure proceedings, estop the company from insisting upon its rights under the foreclosure decree. The mechanics were bound to take notice of the suits pending in this court, and could not by any subsequent combination with the mortgagor defeat the full operation of the decree which this court rendered.

Demurrer sustained.