JOHN H. TRENOR, as Trustee for MINNIE J. RICE, Appellant, *v.* FANNIE A. LE COUNT and Another, Respondents.

*Motives of a mortgagee and his attorney in foreclosing a mortgage, immaterial.*

In the absence of a charge of fraud or collusion upon the part of a mortgagee or his attorney, by which the mortgagor was prevented from paying the interest upon the mortgage or misled in such respect, the motives of the mortgagee or of his attorney in foreclosing the mortgage and electing that the whole principal sum should become due upon a default in the payment of interest thereon, are immaterial.

APPEAL by the plaintiff, John H. Trenor, as trustee for Minnie J. Rice, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 27th day of October, 1894, directing the discontinuance of the action and the cancellation of the lis pendens upon the payment to the plaintiff of the amount due him for interest upon the mortgage mentioned in the complaint, and the costs of the action to the time of the order.

*H. C. Henderson*, for the appellant.

*Cornelius E. Kene*, for the respondents.

CULLEN, J.:

This action is brought to foreclose a mortgage which contained the usual thirty days' interest clause. Default having been made in the payment of the interest for more than thirty days the plaintiff elected that the principal should become due and instituted this foreclosure.

The defendants, on affidavits charging the plaintiff's attorney with unfriendly feeling towards the defendants and a desire on his part to harass them, applied for an order staying the action. On that application the court made an order directing the action to be discontinued upon defendants paying to the plaintiff the interest in default and the costs of the action to the time of the order. From that order the plaintiff appeals.

We think the order was erroneous. There was no charge of fraud or collusion upon the part of the plaintiff or his attorney by which the defendant was prevented from paying the interest or misled in that respect. In the absence of conduct of that character the motives of the plaintiff or his attorney in foreclosing the mortgage are immaterial. The plaintiff is simply enforcing his legal right. The defendant Fannie A. Le Count asserts in her affidavit that after the default the plaintiff promised to receive the interest from her if paid by a specified time. This promise the plaintiff denies. The agreement would seem invalid as without consideration, but whether valid or not its force and effect could only be determined by a proper plea in that respect and the trial of the issue raised by the plea. (*Bennett* v. *Stevenson*, 53 N. Y. 508.)

The order appealed from should be reversed and motion denied, with ten dollars costs and disbursements.

. PRATT, J., concurred; DYKMAN, J., not sitting.

Order reversed, with ten dollars costs and disbursements.