FELDMAN et al. v. ROCKFORD CO.

(Supreme Court, Equity Term, Erie County. December, 1910.)

1. MORTGAGES (§ 306*)—EXTENSION OF TIME—DATE WHEN DUE—CONSIDERATION.

The plaintiffs as sureties for a real estate company on June 30, 1906, executed a bond to secure the payment of a mortgage made by the real estate company to an insurance company. The real estate company thereafter by contract conveyed its property to certain persons who organized the defendant corporation, and who on May 17, 1907, executed to the plaintiffs a mortgage for three years for $5,200, the plaintiffs in the same contract consenting for value that the time of payment of the insurance company's mortgage should be extended for one year, and for the fur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ther period·of one or two years. There was no payment on the principal of the insurance company's mortgage prior to January 25, 1909, on which date defendant executed and delivered to the plaintiffs a written instrument, whereby, in consideration of the consent of the plaintiffs that the insurance company's mortgage be extended to January 1, 1910, defendant agreed that the principal sum of $5,200 of the mortgage of May 17, 1910, should all become due and payable upon default in the payment of the insurance company's mortgage on January 10, 1910, and plaintiffs delivered to the insurance company their written consent to such extension. No payment was made on January 1, 1910, and plaintiffs then brought action to foreclose their mortgage, claiming that the entire sum became due on that date. Held, that as the plaintiffs by their first agreement in May, 1907, had extended the mortgage for three years, their later agreement to do what they were already bound to do was no consideration for the agreement of January ·25, 1909, that plaintiffs' mortgage debt should become due on the failure of defendant to pay the insurance company's mortgage at the expiration of its extended period on January 1, 1910.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 890–896; Dec. Dig. § 306.*]

2. MORTGAGES (§ 306*)—EXTENSION OF TIME BY MORTGAGEE—AGREEMENT BY MORTGAGOR TO PAY BEFORE DUE—CONSIDERATION.

An agreement by a mortgagee to extend the time of payment until a future day certain without other consideration than the continuance of the original terms is void for want of consideration, and it necessarily follows that an agreement by a mortgagor to pay a mortgage debt more than one year before it becomes due by the terms of the mortgage is also void, unless such agreement be founded upon some new consideration.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 890–896; Dec. Dig. § 306.*].

Action by Charles L. Feldman and another against the Rockford Company to foreclose a mortgage. Judgment directed establishing the amount unpaid on plaintiffs' mortgage, and dismissing plaintiffs' complaint.

Charles Newton, for plaintiffs.

Frank H. Callan, for defendant.

BROWN, J. On June 30, 1906, the plaintiffs, as sureties for the M. C. Brooks Company, executed their joint and several bond conditioned for the payment of $105,000 on July 1, 1907, to the Penn · Mutual Life Insurance Company to secure the payment of which indebtedness the M. C. Brooks Company executed a mortgage upon its real estate on May 2, 1907. The plaintiffs Milford C. Brooks and the M. C. Brooks Company as parties of first part entered into a contract with Julia Breker, Frank P. Rung, and Edward T. Rung as parties of the second part, wherein it was provided that the second parties should organize the defendant corporation to which should be conveyed the real estate of the M. C. Brooks Company; that defendant corporation should execute to the plaintiffs a mortgage upon such real estate securing to be paid to the plaintiffs the sum of $5,200 in three years, interest at 4 per cent., payable quarterly; that defendant corporation and Julia Breker should execute their bond to the plaintiffs indemnifying the plaintiffs against loss or damage by reason of the obligation assumed by them upon the bond of $105,000 held by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Penn Mutual Life Insurance Company, and in and by which contract the plaintiffs "hereby for value consent that the time of payment of the Penn Mutual mortgage shall be extended for one year and for the further period of one or two years satisfactory to the said Penn Mutual Life Insurance Company so long as the said Feldman and Bredel shall be indemnified by a bond of indemnity or other sufficient security." In pursuance of this agreement the defendant corporation was duly organized, the real estate of the M. C. Brooks Company was conveyed to the defendant, and on the 17th day of May, 1907, it executed and delivered to the plaintiffs its bond and mortgage upon such real estate to secure the payment to the plaintiffs the sum of $5,200 in three years from that date, with interest at 4 per cent. payable quarterly. The plaintiffs duly consented that the Penn Mutual Life Insurance Company should extend the maturity of its mortgage to July 1, 1908.

No payment upon the principal of the Penn Mutual Life Insurance Company mortgage having been made prior to the 25th day of January, 1909, the defendant on that day executed and delivered to plaintiffs its certain instrument in writing, whereby in consideration of the written consent of the plaintiffs that the Penn Mutual Life Insurance Company's mortgage be extended to January 1, 1910, the defendant agreed that the principal sum of $5,200 of the mortgage of May 17, 1907, should all become due and payable upon default in the payment of the Penn Mutual mortgage on January 10, 1910. On January 25, 1909, the plaintiffs delivered to the Penn Mutual Life Insurance Company their written consent to the extension of its mortgage to January 1, 1910, and such extension was made by such mortgagee. The defendant did not make payment of the Penn Mutual mortgage on January 1, 1910, whereupon the plaintiffs commenced this action to foreclose the $5,200 mortgage, alleging that the entire principal sum became due January 1, 1910, upon default of defendant in failing to pay the Penn Mutual mortgage on that date.

The defendant answers, denying that there are any moneys due and unpaid on the $5,200 mortgage, and that the contract of January 25, 1909, under which plaintiffs claim all of the $5,200 mortgage has become due, is void for want of consideration, and alleging that plaintiffs were indebted unto defendant in the sum of $4,943.75, demanding judgment for dismissal of the complaint and affirmative judgment for such indebtedness.

It has been so often held that an agreement by a mortgagee to extend the time of payment until a future day certain without other consideration than the continuance of the original terms is void for want of consideration that it must necessarily follow that an agreement by a mortgagor to pay a mortgage debt more than one year before it becomes due by the terms of the mortgage is also void, unless such agreement be founded upon some new consideration. It is to be observed that on May 2, 1907, the plaintiffs agreed to consent that the Penn Mutual mortgage should be extended for three years. When they gave their written consent on January 25, 1909, that such mortgage debt should be extended to January 1, 1910, they simply

did ·what.they agreed in the 1907 contract that they would do. It is elementary that a promise to do what one is already obligated to do is no consideration for another promise. It necessarily follows that the doing what one is already obligated to do·is no new consideration for another undertaking. There was no consideration for the agreement of January 25, 1909, that plaintiffs' mortgage debt should become due on the failure of defendant to pay the Penn Mutual mortgage debt at the expiration of its extended period on January 1, 1910.

The delivery of defendant's check for $104 to plaintiffs' attorney on the 21st day of January, 1910, for the interest then due on the plaintiffs' mortgage, was a payment and discharge of that interest, and should be applied by plaintiffs as a payment on that date, providing, of course, that such check be redelivered to plaintiffs, and that it is paid upon presentation for payment.

The counterclaims set forth in the answer have not been established as proper counterclaims to plaintiffs' mortgage debt. The $800 item found by the jury not to have been delivered to the defendant is not under the contract of May 2, 1907, an indebtedness of the plaintiffs, and defendant is not entitled to a credit of that item upon the mortgage indebtedness of $5,200. The County Court action commenced August 9, 1909, was discontinued by order granted January 22, 1910, delivered to and left with the deputy county clerk of Erie county, acting as clerk for the County Court, and entered in the clerk's minutes of the County Court on that day, and formally stamped as being filed by the county clerk on the 11th day of March, 1910.

Judgment is directed establishing the amount unpaid upon plaintiffs' mortgage in accordance with this memorandum, and dismissing plaintiffs' complaint.

Defendant having succeeded on the issue as to the maturity of plaintiffs' mortgage and plaintiffs having succeeded upon the issues as to defendant's counterclaims, no costs are awarded to either party.