and undying love.   Marriage is yet a status, on which depends the idea of a family, and on which in turn has arisen the structure of civilization as we know it.

The judgment should be affirmed.   All concur.

---

### BURKARD v. STEPHAN BLDG. & CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 19, 1913.)

1. STIPULATIONS (§ 20*)—PLEADING—NECESSITY.

   In a suit to foreclose a mortgage, where the parties stipulated that, upon the payment of accrued interest and costs by the defendant, the plaintiff would discontinue and allow the mortgage to remain for its unexpired term, and that upon defendant's failure plaintiff should be at liberty without notice to proceed with his foreclosure action, the defendant, to take advantage of the stipulation and have its validity determined, must set it up in his answer.

   [Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 64; Dec. Dig. § 20.*]

2. STIPULATIONS (§ 19*)—ENFORCEMENT.

   In an action to foreclose a mortgage, where the parties stipulated that, upon the payment of accrued interest and costs by defendant, ·the plaintiff would discontinue and allow the mortgage to continue for its unexpired term, defendant, to be entitled to any advantage under the stipulation, must show a compliance with its terms; the court having no power to relieve defendant from compliance.

   [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 55–63; Dec. Dig. § 19.*]

Appeal from Special Term, Queens County.

Action by Stephen Burkard against the Stephan Building & Construction Company and others.   From an order denying confirmation of the referee's report, plaintiff appeals.   Order reversed, and motion for confirmation and for judgment of foreclosure granted.

The action was brought to foreclose a mortgage which provided that the whole principal sum should become due and payable at the option of the obligee after default in the payment of interest for 30 days, or after default in the payment of taxes for 90 days after the same became due and payable. It was alleged that the mortgagor had made default by failing to pay both the interest and the taxes, and plaintiff exercised the option by demanding payment of the whole amount of the principal.   Subsequent to bringing this action, and on the 2d day of May, 1913, a stipulation was entered into between the attorneys for the plaintiff appellant and defendant respondent, wherein it was agreed that if the defendant Stephan Building & Construction Company pay up all accrued interest upon the mortgage being foreclosed by this action, and all taxable costs, before May 31, 1913, the action would be discontinued and the mortgage allowed to remain upon the property for its unexpired term.   The stipulation further states that, if the defendant Stephan Building & Construction Company, shall fail to pay such interest and taxable costs on or before May 31, 1913, then and in that event the plaintiff shall be at liberty, without notice, to proceed with this action and the foreclosure of the mortgage.   The defendant Stephan Building & Construction Company failed to comply with this stipulation, but did pay to plaintiff's son (the plaintiff being abroad at the time) the sum of $60.   Subsequently an order of reference to compute the amount due to the plaintiff was made, but the motion to confirm the referee's report was denied, and an order was made directing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the defendant Stephan Building & Construction Company pay the taxable costs in the action to plaintiff's attorney within 30 days.

Argued before BURR, THOMAS, CARR, RICH, and PUTNAM, JJ.

John Klein, of Brooklyn, for appellant.
Louis J. Halbert, of Brooklyn, for respondent.

RICH, J. [1] The respondent only undertook to pay the interest and costs by May 31st, and the plaintiff to postpone further proceedings until such time, and to discontinue the action in the event that the payment was made. The stipulation was without consideration and I believe it to be invalid (Feldman et al. v. Rockford Co., 70 Misc. Rep. 66, 126 N. Y. Supp. 646; Trenor v. Le Count et al., 84 Hun, 426, 32 N. Y. Supp. 412); but, whether valid or invalid, its force and effect could only be determined by answer and trial of the issues (Trenon v. Le Count, supra; Cole v. Hinck et al., 120 App. Div. 355, 105 N. Y. Supp. 407). The defendant did not answer, and no such issue was tendered.

[2] The respondent contends, however, that the payment of interest to July 1st furnishes an adequate consideration. If we concede this, the payment of $60 was but a partial performance of the terms of the stipulation or agreement, and the respondent was not entitled to the benefits of the agreement until it had fully performed. Odell v. Hoyt et al., 73 N. Y. 343. The respondent had failed to comply with the terms of the stipulation, it had not answered, and the plaintiff was entitled to proceed with the action. If the agreement was valid, the learned court had no power to relieve the respondent from strict compliance with its terms by forcing upon the plaintiff an agreement he never made.

It follows that the order must be reversed, with $10 costs and disbursements, and plaintiff's motion for confirmation of the referee's report, and for judgment of foreclosure and sale, granted, with costs. All concur.