# Green Mountain Bank v. Steven F. Bruehl; Wayne Hoss and Yolande Hoss

[536 A.2d 554]

No. 86-333

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 13, 1987

*Fisher and Pu*, Brattleboro, for Plaintiff-Appellee.

*Cantini & Myerson, P.C.*, Manchester Center, for Defendants-Appellants.

**Gibson, J.** Plaintiff recovered judgment against defendants for rents due and owing on a residential property. Only defendants Hoss (tenants) appeal the judgment. We affirm.

Tenants rented a house in the town of Winhall from one Steven Bruehl (landlord) under a written lease agreement for the term of May 15, 1983 to May 14, 1984. The property leased was subject to two mortgages held by plaintiff. Landlord Bruehl defaulted on the mortgages in September of 1983. On November 8, 1983, plaintiff served landlord with a foreclosure complaint, but did not serve the complaint upon the tenants. Plaintiff did, however, file copies of the foreclosure complaint in the Winhall land records.

One week later, tenants engaged in negotiations with landlord Bruehl for an extension of their lease, but did so without knowledge of the pending foreclosure action. In February of 1984, tenants prepaid one year's rent, for the period May 15, 1984

through May 14, 1985, to landlord, still without knowledge of the foreclosure action. No copy of the original lease or of the extension agreement was filed in the Winhall land records.

During the course of the foreclosure proceedings, plaintiff learned of the tenants' presence on the Winhall premises. By letter dated May 30, 1984, plaintiff informed tenants that "the Court had assigned all rents on this property to Green Mountain Bank." By return mail, tenants indicated that they had already paid rent for the coming year. A foreclosure decree issued on June 12, 1984.

Tenants contend on appeal that they were entitled to actual notice of foreclosure. They allege that their presence on the land was constructive notice to plaintiff of their rights under the original lease and the subsequent extension agreement. Under 12 V.S.A. § 4523(b),[1] the filing of a foreclosure complaint in the town clerk's office constitutes notice to all persons who subsequently acquire "any interest" in the mortgaged premises. Tenants argue that because their original lease predated the mortgagee's foreclosure filing, 12 V.S.A. § 4523(b) should not apply herein. We disagree.

12 V.S.A. § 4523(b) did not foreclose tenants from the rights and equities they had acquired under their original lease, which ran through May 14, 1984. Tenants, however, acquired further possessory rights in the premises after November 8, 1983, the date of plaintiff's foreclosure filings. The possessory rights tenants acquired after November 8, 1983, clearly fall within the broad ambit of interests encompassed by the statute's "any interest" language. See *Abbadessa* v. *Tegu*, 122 Vt. 345, 348, 173 A.2d 581, 583 (1961) (a leasehold is an interest in land). Therefore, when plaintiff filed copies of the foreclosure complaint in the

---

[1] 12 V.S.A. § 4523(b) states that:
> The plaintiff shall file a copy of the complaint in the town clerk's office in each town where the mortgaged property is located. The clerk of the town shall minute on the margin of the record of the mortgage that a copy of foreclosure proceedings on the mortgage is filed. The filing shall be sufficient notice of the pendency of the action to all persons who acquire any interest or lien on the mortgaged premises between the dates of filing the copy of foreclosure and the recording of the final judgment in the proceedings. Without further notice or service, those persons shall be bound by the judgment entered in the cause and be foreclosed from all rights or equity in the premises as completely as though they had been parties in the original action.

Winhall land records, tenants were given and became bound by the notice warranted by statute. Once notice is given by filing the complaint in the town clerk's office, the foreclosure action supersedes any after-acquired interest, and the possessors of any such interest are "foreclosed from all rights or equity in the premises as completely as though they had been parties in the original action." 12 V.S.A. § 4523(b).

Tenants contend, however, that V.R.C.P. 80.1(b)(1) requires that they be joined as parties in interest to the foreclosure proceeding, before plaintiff can assert a valid claim to rents. The rule does not require joinder of interests which arise during the pendency of foreclosure proceedings. Reporter's Notes, 1982 Amendment, V.R.C.P. 80.1(b)(1).[2] See also *Freedley's Admx.* v. *Manchester Marble Co.*, 99 Vt. 25, 38, 130 A. 691, 696-97 (1925) (where attachment was acquired pendente lite, attaching creditor bound by foreclosure decree).

Tenants also maintain that 12 V.S.A. § 4523 should not apply herein because their lease "extension" relates back in time to the date of their execution of the original lease. This Court has held an extension of a lease's original term to constitute a single period of time comprised of the original and extended terms. *Brownell* v. *Burlington Fed. Sav. & Loan Ass'n*, 115 Vt. 455, 457, 63 A.2d 862, 863 (1949).

Tenants' argumentative end run is to no avail, however. 27 V.S.A. § 342 states that, "a lease for more than one year from the making thereof shall not be effectual to hold such lands against any person but the grantor and his heirs, unless the deed or other conveyance is acknowledged and recorded . . . ." If the extension is viewed as relating back to the date of the execution of the original lease, tenants' lease would be a lease for more than one year which required recording in order to be valid as against anyone but landlord Bruehl. Since the lease was not recorded, it could

---

[2] Although the subdivision requires that parties in interest be joined, the consequences of nonjoinder are not the same as for parties the court finds are indispensable. . . . The proceeding is valid as to those joined but does not bind those not joined." Reporter's Notes, 1982 Amendment, V.R.C.P. 80.1(b)(1) (citations omitted). In the instant case, plaintiff's failure to add tenants to the foreclosure action merely meant that plaintiff could not litigate the rents due and owing issue in that proceeding. Plaintiff was required to bring a separate action to obtain a judgment against tenants for these rents.

not have any legal effect on plaintiff's claim against tenants. See 27 V.S.A. § 342.

The tenants allege the trial court erred as a matter of law when failing to recognize prepayment as a defense to the plaintiff's action for rents. Once we conclude, however, that the filing of the foreclosure action was adequate notice to the tenants, it necessarily follows that tenants do not stand before us as innocent third parties to the foreclosure action. Plaintiff's filings gave tenants due notice of the foreclosure action. Tenants' prepayment of rent was made thereafter at their own risk.

Tenants direct the Court's attention to *Martinique Realty Corp. v. Hull*, 64 N.J. Super. 599, 166 A.2d 803 (App. Div. 1960). This case noted the general rule that:

> possession and occupancy of the premises by the tenant amount to notice of his advance payment of rent, and that such prepayment—honestly made, and in the absence of special circumstances putting the tenant on notice that he is prejudicing the rights of third parties—will protect the tenant against further liability for such rent to the landlord and all successors to his interest.

*Id.* at 607, 166 A.2d at 807.

*Martinique* relied on the inquiry notice doctrine Vermont adopted long ago in *Pinney v. Fellows*, 15 Vt. 525, 541 (1843), and reaffirmed in *Tomasi v. Kelley*, 100 Vt. 318, 322, 137 A. 196, 198 (1927). Inquiry notice is an equitable doctrine designed to effect a distribution of precautionary burdens in a situation involving innocent third parties. *Martinique*, 64 N.J. Super. at 608, 166 A.2d at 808. The facts of *Martinique* may be distinguished from the instant case in that the tenants therein recorded their lease. Here, tenants' conduct is not innocent in a strict sense, because before making their rental prepayment, they were on constructive notice of the foreclosure action (12 V.S.A. § 4523), and they had failed to record their lease pursuant to 27 V.S.A. § 342. Accordingly, the trial court did not err in refusing to recognize prepayment as an absolute defense to the instant action for rents.

*Affirmed.*