HALE, Receiver, &c. *v.* GOUVERNEUR and wife, and others.

Where a bond of a husband and a mortgage made by husband and wife are explicit as to principal becoming due in default of payment of interest within a specified number of days, the court cannot relieve from a foreclosure on default of payment of interest within the number of days fixed, although the amount may be large and the property mortgaged belongs to the wife, and the debt was the husband's. Nor, on payment of interest and costs.

Although, on a mortgage of the wife's land for the husband's debt, she is as a surety and his estate, as tenant by the curtesy, will generally be decreed to be sold first, yet, when the sale of it cannot possibly make the amount due, the whole interest of the husband and wife will be sold together.

BILL for foreclosure and sale. The case came up on the pleadings. The mortgage had been given on a wife's property to the Merchants Marine Insurance Company, for securing a bond of the husband's conditioned to pay the sum of twenty-five thousand dollars in five years from its date at the option of the said company at any time after three years, together with interest, and so that if any default should be made in the payment of the interest or any part thereof on any day whenever the same was made payable, and the same should remain unpaid and in arrear for the space of thirty days, then and from thenceforth the whole principal sum and the interest in arrear should become due and payable at the option of the said Merchant's Marine Insurance Company.

The bill set forth the mortgage in the ordinary form in foreclosure bills; and stated that the said sum of twenty-five thousand dollars, together with the interest on that sum from the thirty-first day of December, one thousand eight hundred and forty, still remained due and unpaid, and that, by reason of the default of the mortgagors to pay the interest of the said principal sum for more than thirty days after the said interest had become due, the whole of the principal sum with the interest thereof had become due. There was also an allegation that a part of the principal money had

*Jan. 18,*
*1843.*

*Mortga-*
*gor and*
*Mortga-*
*gee.*
*Husband*
*and Wife.*
*Wife's es-*
*tate*
*mort-*
*gaged for*
*husband's*
*debt.*

HALE
*v.*
GOUVERNEUR.

been advanced and used to pay off former mortgages on the wife's property.

The defendants, husband and wife, answered separately. The former admitted the execution of the bond and mortgage and that the interest was still in arrear as mentioned in the bill; but, as regarded the express agreement that if default should be made in payment of the said interest, and that if thirty days thereafter the said interest remained still unpaid, then, that the whole principal sum, with interest, should become due and payable, the said defendant thought the said agreement harsh and unequitable and inconsistent with the relationship of mortgagor and mortgagee. Also, that he never read the said bond and mortgage at the time of the execution thereof, but was merely informed by his agent that they were of the general character of bond and mortgage and given for the security of the said principal sum mentioned therein with interest, without entering into further particulars. And the defendant insisted that the principal was not payable until five years had elapsed; and that, on payment by him of all interest in arrear and costs before a decree of sale, then that the said bill should be dismissed. Also, that the complainant's solicitor refused to receive the interest and costs without the principal.

The wife, in her answer, stated, that the title to the said mortgaged premises, at the time of the execution of the mortgage, was regularly vested in her as owner of the fee thereof in her own right; that her husband had a life estate therein as tenant by the curtesy; that she executed the said mortgage to secure the payment of her husband's bond, which having done she claimed the rights of a surety as well as those of a married woman; and she insisted that her interest in the said premises ought not to be sold until her husband's right therein as tenant by the curtesy should have been first sold and the proceeds applied to the payment of the bond and the interest thereon.

The case came before the court on bill and answers.

*April* 3,

THE VICE-CHANCELLOR:—There is not sufficient ground on which to refuse a decree. The condition of the bond is very explicit, to render the whole of the principal sum pay-

able in case of default of punctual payment of interest. The court is bound to give effect to the bond according to the proviso in its condition: *Noyes* v. *Clark*, 7 Paige's C. R. 179. The mortgage was given to secure the payment of the bond pursuant to its terms. The whole debt having become due, the court has no authority to compel the complainant to stay proceedings on payment of mere interest and costs. Whether the mortgage was given of the wife's property to secure the husband's debt, or was not, can make no difference in this case. Even if the wife is to be regarded here as a surety for the husband, still, there are no facts or circumstances through which she is entitled to be exonerated. True, the husband's estate by the curtesy might be first sold; but as it is very certain that this would not produce enough to satisfy the present large amount of debt, the whole interest of both husband and wife had better be sold together: *Niemcewiez* v. *Gahn*, 3 Paige's C. R. 614.

There must be a reference to a master to compute the principal and interest due on the bond and mortgage; and, on the coming in and confirmation of the master's report, the master will proceed to advertise and sell in the usual manner.

Decree accordingly.