THEODORE B. OSBORNE and FRANCIS M. UNDERHILL, as Executors, etc., of DANIEL UNDERHILL, Respondents, *v.* JAMES W. KETCHAM, Impleaded with JOHN G. NORRIS, Appellant, et al.

*Mortgage foreclosure — tender of costs and interest insufficient.*

Where in an action to foreclose a mortgage upon premises, the title to which has passed to a person other than the mortgagor, the plaintiffs have not been guilty of fraud or oppression in seeking to enforce the mortgage, their right to enforce the covenant providing that they may elect to consider the whole amount of the mortgage due, after a default in the payment of interest for upwards of thirty days, is absolute, and, having made the election, and begun an action for the foreclosure of the mortgage, such action cannot be defeated by a tender of the costs and interest due.

APPEAL by the defendant, John G. Norris, from a judgment of foreclosure and sale of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 4th day of May, 1893, directing that the mortgaged premises described in the complaint in this action, or so much thereof as may be sufficient to raise the amount due to the plaintiffs for principal, interest and costs, be sold at public auction in the city of New York under the direction of a referee appointed for that purpose.

*A. . . Sire*, for the appellant.

*Edward M. Scudder*, for the respondents.

PER CURIAM:

On the 6th day of August, 1891, James W. Ketcham mortgaged the premises No. 587 Seventh avenue to the plaintiffs' testator, to secure the payment on April 15, 1896, of $28,000, with semi-annual interest at five per cent per annum payable on the fifteenth days of October and April in every year. The mortgage was given to secure the payment of part of the purchase price of the mortgaged premises, which were on the day of the date of the mortgage conveyed by the mortgagee to the mortgagor.

The mortgage contains the following covenants:

"*First.* That he, the said James W. Ketcham, the party of the first part, will pay the indebtedness as hereinbefore provided.

"And if default be made in the payment of any part thereof, the party of the second part shall have power to sell the premises herein described, according to law.

"*Third.* And it is hereby expressly agreed that the whole of said principal sum shall become due at the option of the said party of the second part after default in the payment of interest for thirty days, or after default in the payment of any tax or assessment for sixty days after notice and demand."

By the statement which precedes the case it appears that John G. Norris, the appellant, was the owner of the premises when this action was begun in June, 1892, and that he was the only party who appeared and answered. The sole defense interposed by the answer is that the mortgage ought not to be foreclosed for the principal sum, the defendant having tendered the amount due for interest.

The interest which fell due on the 15th of October, 1891, was paid, but that which fell due on the 15th of April, 1892, has not been paid.

On April 21, 1892, the plaintiffs' attorney wrote the attorney for the owner of the fee that the interest was past due, and that a check therefor might be sent to the writer, or to Mr. Osborne, one of the plaintiffs, "as per a mem. left with you." On the 11th of May, 1892, four days before the lapse of the thirty days mentioned in the mortgage, the plaintiffs, through their attorney, notified the attorney of the appellant that unless the interest due on the mortgage was paid May fourteenth, by twelve o'clock noon, the holders of the mortgage would elect that the principal sum be then due, and that they would immediately thereafter foreclose unless the whole amount was paid. The interest not being paid, this action was begun on the 27th of June, 1892, for the foreclosure of the mortgage.

The court found that the appellant did not before the commencement of this action tender to the plaintiffs the interest due on the mortgage, and that they were at all times ready and willing to receive the interest due April 15, 1892, during the next succeeding thirty days, but that no offer was made to pay it. The court also found that no offer was made until January 24, 1893, after this action was at issue, when the appellant tendered the sum due for interest and costs, and asked leave to have it paid into court, which was denied.

Under such circumstances the appellant is in no position to ask to be relieved from the express terms of the contract by which he was bound. The plaintiffs have not been guilty of fraud or oppression in seeking to enforce this mortgage. They gave the owner of the fee ample notice before the thirty days had run that unless the interest was paid they should elect to regard the whole amount secured by the mortgage as due and payable and should commence foreclosure at once. No attention was paid to this, and after the lapse of six weeks this action was commenced, and not until the January following did the appellant offer to pay the amount which he concedes to be due.

The right of the plaintiffs to enforce the covenant under such circumstances has been settled by a long line of adjudications in this

State. (*Hale* v. *Gouverneur*, 4 Edw. Ch. 207; *Ferris* v. *Ferris*, 28 Barb. 29; *Dwight* v. *Webster*, 32 id. 47; *Bennett* v. *Stevenson*, 53 N. Y. 508; *Noyes* v. *Anderson*, 124 id. 180.)

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.