(128 App. Div. 144.)

CRESCO REALTY CO. v. CLARK et·al.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. MORTGAGES — DEFAULT IN PAYMENT OF INTEREST — ELECTION TO DECLARE PRINCIPAL DUE—MORTGAGE ASSIGNED AS COLLATERAL SECURITY.

An election to treat the principal of a mortgage assigned as collateral security as due for nonpayment of interest, cannot be made by the assignor alone; but the assignee must join with him, as assignor and assignee are in equity joint owners.

2. SAME—ELECTION—SUFFICIENCY.

Appearance by the receivers of the assignee of a mortgage assigned as collateral security at the trial of the foreclosure suit, and consent to the judgment prayed for, cannot supply the lack of an election by the assignee or its receivers to treat the principal as due for nonpayment of interest, where there was a tender of the interest before suit was brought, if, indeed, it could in the absence of such a tender.

3. SAME.

An election to treat the principal of a mortgage as due for nonpayment of interest must be made affirmatively. ·

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1209.]

4. SAME.

An election to treat the principal of a mortgage as due for nonpayment of interest may be made before suit brought to foreclose or by bringing suit—that is, in the complaint; but the right to maintain the suit depends on such election being seasonably made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1209.]

5. SAME—TENDER OF INTEREST.

A tender of the interest on a mortgage is in time, and must be accepted, if made before an election to treat the principal due for nonpayment of interest.

6. SAME—KEEPING GOOD TENDER OF INTEREST.

A tender of the interest on a mortgage, to be available as a defense against foreclosure, need not be kept good by payment into court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 887.]

Appeal from Kings County Court.

Action by the Cresco Realty Company against Edmund Clark and others to foreclose a mortgage. Judgment for plaintiff, and defendant Clark appeals. Reversed, and new trial ordered.

This suit is by the mortgagee to foreclose a bond and mortgage for principal and interest. The mortgage was for $11,650, and was assigned by the mortgagee to the Borough Bank as security for the payment of a loan of $6,000. The said bank was placed in the hands of receivers before the commencement of this action. The complaint alleges that the interest which became due on November 6, 1907, was not paid, and that after 20 days had elapsed the plaintiff elected that the principal become due and payable for nonpayment of interest, as permitted by the terms of the bond and mortgage, and also that the said receivers so elected. It also alleges that the plaintiff requested the said receivers to bring this action, which they refused to do, whereupon they were made defendants. No one answered but the appellant, who is the fee owner. Other facts appear in the opinion.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

John M. O'Neill, for appellant.
Hedley V. Cooke, for respondent.

GAYNOR, J.  The appeal is on the judgment roll only.  Although the assignment was absolute on its face, it was in fact only as collateral security for a debt of $6,000.  If it were an absolute assignment, the election to treat the principal as due on the default to pay interest, as the terms of the bond and mortgage permitted (and also the suit to foreclose) would of course have to be by the assignee, but being an assignment only pro tanto, the assignor and the assignee were in equity joint owners of the bond and mortgage, and the election could not be made by the assignor alone; the assignee had to join with him.  Shaw v. Wellman, 59 Hun, 447, 13 N. Y. Supp. 527.  There is a finding in the regular findings that the plaintiff elected, and that the receivers of the assignee "assented thereto," viz., assented to the plaintiff's election.  Possibly an attempt might be made to spell an election by the receivers out of this, except for the broad, explicit and inconsistent finding of fact made at the appellant's request, that at no time did the assignee or its receivers elect to deem the principal due for failure to pay the interest.  There is, it is true, a finding that the receivers appeared at the trial and consented to the taking of the judgment prayed for in the complaint, although they did not answer.  But this cannot supply the lack of an election, for there was a tender here before suit brought; if, indeed, it could in the absence of such a tender.  The election to deem the principal due is an affirmative thing and has to be made in some way.  It may be made before the suit is brought, or by the bringing of the suit itself, i. e., in the complaint.  Hothorn v. Louis, 52 App. Div. 218, 65 N. Y. Supp. 155; Id., 170 N. Y. 576, 62 N. E. 1096; Pizer v. Herzig, 120 App. Div. 102, 105 N. Y. Supp. 38; Cole v. Hinck, 120 App. Div. 355, 105 N. Y. Supp. 407.  The right to maintain the suit depends on such election being seasonably made.  Until it is made, nothing is due but the interest, and therefore a tender of the interest is in time and must be accepted.  The answer pleads a tender of the interest to the assignee, and there is a finding of fact, made at the appellant's request, that before the action was begun against him he "duly tendered" to the receivers the amount of the interest due.  No election having been made by the assignee or its receivers, the tender was good and barred their right thereafter to elect that the principal become due for nonpayment of interest.  The lien of the mortgage for the amount of such interest was discharged by such tender and refusal, and to be available as a defence against foreclosure the tender did not have to be kept good by payment into court.  Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145; Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189; Breunich v. Weselman, 100 N. Y. 609, 2 N. E. 385.

The judgment should be reversed.

Judgment of the County Court of Kings county reversed, and new trial ordered; costs to abide the event.  All concur.