VINCENT MATUSAK and Another, Plaintiffs, *v.* WLADYSLAW BAKIORZYNSKI and Another, Defendants.

Supreme Court, Erie County, December 21, 1926.

Mortgages — foreclosure — entire principal of mortgage not due under default clause thereof until mortgagee affirmatively elects to exercise option to call mortgage — tender of interest after due date and before election bars mortgagee's right to call mortgage — fact that mortgagee told mortgagor to see his lawyer is not election to deem whole amount due.

In an action to foreclose a mortgage reciting that the whole of the principal sum thereof should become due after default in the payment of any installment of principal or interest, a tender of interest made by the mortgagor after the due date thereof in the absence of any affirmative action by the mortgagee to exercise his option to call the mortgage, was good and bars a subsequent election by the mortgagee to deem the whole debt due.

The fact that the mortgagee upon his refusal to receive the interest installment tendered by the mortgagor told said mortgagor to see his lawyer was not an election on the part of the mortgagee to deem the whole amount due.

ACTION to foreclose a mortgage.

*Schultz & Vogt,* for the plaintiffs.

*Wortley B. Paul,* for the defendants.

BROWN, J.   The bond and mortgage contain the following clause: " And it is hereby expressly agreed that the whole of said principal sum shall become due after default in the payment of any installment of principal or interest or any part thereof for thirty days."

By section 254 of the Real Property Law (as amd. by Laws of 1917, chap. 682) such a covenant must be construed as meaning that the " principal sum, with all arrearages of interest thereon, shall, at the option of the said mortgagee   *   *   *   become and be payable immediately " after such default.

An installment of interest became due May 25, 1926.   On June twenty-fifth defendant went to plaintiff's residence to pay the interest of thirty-one dollars and fifty cents; the plaintiff's residence was closed and defendant did not see plaintiff; on June twenty-sixth defendant went to plaintiff's residence, saw plaintiff, tendered the interest, plaintiff refused to receive it, stating to defendant that defendant must see plaintiff's lawyer.   On July 3, 1926, an order was entered in the Erie county clerk's office, directing defendant to deposit the interest tendered with the county treasurer to be held until the further order of the court; such deposit was duly made. On July eighth this action was commenced, the complaint being verified on the first day of July

Under the quoted clause in the bond and mortgage, construed as it must be by the terms of the statute, the whole mortgage debt and interest became due and payable on the twenty-fifth of June, at the option of the plaintiff. Such mortgage debt and interest could not become due and payable on that day by the terms of the mortgage and statute; such maturity could only be created by the exercise of the option by the plaintiff, the election on his part to deem such debt due and payable. "The election to deem the principal due is an affirmative thing and has to be made in some way. It may be made before the suit is brought, or by the bringing of the suit itself, *i. e.*, in the complaint * * *. The right to maintain the suit depends on such election being seasonably made. Until it is made, nothing is due but the interest, and therefore a tender of the interest is in time and must be accepted." (*Cresco Realty Co.* v. *Clark*, 128 App. Div. 144.) In that case the interest was tendered after default and before suit was brought, and it was said: "No election having been made by the assignee [of the mortgage] or its receivers, the tender was good and barred their right thereafter to elect that the principal become due for non-payment of interest. The lien of the mortgage for the amount of such interest was discharged by such tender and refusal."

Attention has been called to no authority holding that a tender of an installment of interest after default and before election will not bar a subsequent election by mortgagee to deem the whole debt due.

In *Osborne* v. *Ketcham* (76 Hun, 325); *Hothorn* v. *Louis* (52 App. Div. 218); *Pizer* v. *Herzig* (120 id. 102) and *Rosche* v. *Kosmowski* (61 id. 23) the tender of interest was made after election, after the exercise of the option to deem the entire debt due; in each of these cases the election was made manifest by affirmative act, notice or bringing of the action. In *Cole* v. *Hinck* (120 App. Div. 355) it does not appear that tender was made before action was commenced; it does not appear how plaintiff's election ·to take advantage of the mortgage clause was made manifest; it does not appear whether such election was before or after tender of the interest. The tender of the interest June 26, 1926, by defendant to plaintiff in person, the refusal to accept by the plaintiff and the statement by plaintiff to defendant that defendant must see the plaintiff's lawyer, was not an election to deem the whole amount due.

The finding must be that the plaintiff not having elected to deem the mortgage debt due before the defendant's tender of the interest, the tender was good and barred the plaintiff's right to thereafter elect that the same had matured.

Judgment awarded defendant dismissing the complaint, with costs.