LENA FRIEDLANDER, Respondent, v. 465 LEXINGTON AVENUE, INC., Appellant.— Owing to the death of the late Presiding Justice Kelly, a reargument is ordered and the case set down for Monday, November 7, 1927, to be argued when reached. Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ., concur.

ABRAHAM GATNER, Respondent, v. JOSEPH LEVY and AARON M. BECKER, Appellants.— Order, as resettled, framing issues for separate trial by jury, modified by striking out the first framed issue, and as so modified affirmed, with ten dollars costs and disbursements to appellants. Whether or not the moneys alleged to have been paid were paid on account of net profits due the plaintiff, or were paid to him in consideration of a voluntary general release, is within the matters triable under the second and third proposed issues. Rich, Young, Kapper, Lazansky and Hagarty, JJ., concur.

SIMON GOLDMAN and WILLIAM GOLDMAN, Copartners, etc., Respondents, v. LOUIS EINSTEIN and NANCY EINSTEIN, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Rich, Kapper, Lazansky and Hagarty, JJ.

WILLIAM GORDON and ABRAHAM NADELBERG, Appellants, v. WILLANNE REALTY CORPORATION, Respondent.— Order granting defendant's motion to open default, and order denying a motion to resettle said order and to strike out certain papers therein referred to, affirmed, with ten dollars costs and disbursements. No opinion. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.

ELIZABETH HAYDEN, Administratrix, etc., of THOMAS HAYDEN, Deceased, Respondent, v. EUGENE MERRELL, Appellant.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order denying motion for new trial upon the ground of newly-discovered evidence affirmed, with costs. No opinion. Young, Lazansky and Hagarty, JJ., concur; Kapper, J., dissents.

ADOLPH HEINEMANN, Appellant, v. SIPAS REALTY COMPANY, INC., Respondent, and Another, Defendant.— Order denying motion to strike out answer, dismissing complaint and directing plaintiff to accept tender of interest and costs, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The record discloses that the defendant's tender of the interest was made two days after the receipt by it of a registered letter from the plaintiff, electing to declare the entire principal sum due and payable by reason of the default in the payment of interest, and that, under the circumstances, the plaintiff's right to maintain the action is absolute and undoubted. (Real Prop. Law, § 254;* *Hothorn* v. *Louis*, 52 App. Div. 218; affd., 170 N. Y. 576.) Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.