JOHN T. WALSH, Appellant, v. HENRY A. HENEL and Another, Respondents, Impleaded with HELENA W. LUTZ, Defendant.

Fourth Department, May 15, 1929.

*John T. Walsh*, in person, for the appellant.

*Harold G. Conger*, for the respondents.

CROSBY, J.  Defendants Henel gave plaintiff a mortgage upon real property which the Henels owned and afterward conveyed to the defendant Lutz, the latter assuming and agreeing to pay the mortgage.  Lutz defaulted in payment of an installment of interest coming due upon the mortgage.  There was an acceleration clause in the mortgage which enabled plaintiff, if he so elected, to declare the whole amount of the mortgage due.  Plaintiff filed a summons and complaint and *lis pendens* in the county clerk's office, but in the complaint stated no election to have the whole amount of the mortgage become due; indeed the complaint did not state a cause of action at all for it did not allege that there was any default, even in interest payments.  Even in the demand for judgment the complaint demanded only that " plaintiff may be paid " out of the proceeds of the sale; but did not state whether payment of the interest or of the whole mortgage was desired.  Plaintiff never served the summons upon any defendant.  The action was, therefore, never commenced.  (Civ. Prac. Act,. § 218.)  Plaintiff never served any written or other notice that he elected to have the amount of the mortgage come due.  Plaintiff refused a tender of the past due interest saying that he had started a foreclosure action;

and plaintiff under cross-examination upon the trial in the present action stated, in substance, that he had elected, in his own mind, to declare the whole mortgage indebtedness become due at the time that he filed his summons, complaint and *lis pendens*.

Finally plaintiff accepted the payment of the past due interest together with ten dollars toward the expense of continuing the search and filing his papers in the clerk's office, and consented to let the mortgage run in accordance with the original terms of payment. Upon a subsequent default in payment of interest as it became due, plaintiff started the present foreclosure action and demanded a deficiency judgment against all the defendants. The defendants Henel contended, and the learned trial court decided, that they were released from their liability for the mortgage debt, upon the ground that plaintiff, having made an election that the whole amount of the mortgage was to become due, and having thereafter extended the time of payment, had thereby released the defendants Henel. It is true that the Henels stand in the relation of surety to Lutz who is the principal debtor. And it is also true that any extension of the time of payment granted to the principal debtor will have the effect of releasing the surety from obligation to pay the debt. (*Calvo* v. *Davies*, 73 N. Y. 211; *Germania Life Ins. Co.* v. *Casey, No. 1*, 98 App. Div. 88.)

But plaintiff did not follow up his mental determination to have the whole mortgage debt become due by any action amounting to an election such as would be binding upon Lutz; and if there were no such election as would be binding upon Lutz, there was no election for any purpose. Plaintiff commenced no action, served no notice of his intention to have the whole amount become due, and, even in the complaint that was filed, expressed no election to have the whole sum become due and payable. Plaintiff never in any way communicated to Lutz his mental " election," so called; and never did anything clearly evidencing his election. Had plaintiff himself sought to have gone ahead with his original foreclosure action, he could have been successfully met with the defense that up to the time the tender of interest was made to him, he had done nothing upon which he could have successfully based a claim of election to have the whole debt become due; and the tender, of course, forestalled any election thereafter. (*Cresco Realty Co.* v. *Clark*, 128 App. Div. 144; *Matusak* v. *Bakiorzynski*, 128 Misc. 375.)

The right in a mortgagee to elect to have the whole mortgage debt become due, upon default in the payment of an installment of interest, is in the nature of an option which, in order to become effective, must be communicated by some means equiva-

lent to a notice to the grantor of the option.. An option cannot be exercised by a mere operation of the mind.

Under these circumstances the whole mortgage never became due, and plaintiff, in permitting Lutz to make payments on the mortgage in accordance with its terms, did not extend the terms of payment so as to release the surety.

The judgment entered herein, which was to the effect that the complaint herein should be dismissed in so far as it demands a deficiency judgment against the Henels, should be reversed upon the law, and judgment given to plaintiff to the effect that the defendants Henel shall be liable for the deficiency, if any.

All concur, except EDGCOMB and THOMPSON, JJ., who dissent and vote for affirmance in an opinion by EDGCOMB, J. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

EDGCOMB, J. (dissenting). The question involved in this action is whether the defendants Henel have been released from their obligation upon the bond and mortgage in suit. When they sold the mortgaged property to the defendant Lutz, and she promised and agreed to pay the mortgage debt, she became the principal debtor and the Henels became sureties. If, after that relation had been created, plaintiff extended the time of payment of the bond and mortgage in suit without the knowledge or consent of the sureties, they became discharged from their obligation. The question of what injury, if any, the sureties sustained by reason of such extension is immaterial, and will not be considered.

If the plaintiff exercised the option given him in both the bond and mortgage, and elected to declare the principal due because of defendant's failure to pay the first installment of interest, it is conceded that thereafter the original terms of payment were reinstated without the knowledge or consent of the Henels. This decision, therefore, turns upon the sole question of whether such election was actually made. The trial court has found that it was. If that finding is supported by the evidence, this judgment must be affirmed; otherwise it must be reversed. I think that there is evidence to sustain the finding.

Plaintiff testified that, in October, 1926, he exercised his option and made his election to declare the total amount of the mortgage debt due and payable forthwith. He now asserts that such determination on his part was insufficient to bring about the result which at that time he sought to accomplish.

It is true that an election is something more than a mere operation of the mind. In addition to the mental process of making the

determination, it must be evidenced by some affirmative act. (*Cresco Realty Co.* v. *Clark*, 128 App. Div. 144.)

I find no rule which states with any degree of accuracy just how that determination shall be shown. It may be evidenced by the commencement of a foreclosure action, or it may be shown by acts prior to such foreclosure which clearly indicate such decision. (*Cresco Realty Co.* v. *Clark*, *supra*.)

To constitute an election, it is not necessary that the mortgagor should notify the mortgagee of his intention to take advantage of the privilege granted him. (*Hothorn* v. *Louis*, 52 App. Div. 218; affd., 170 N. Y. 576.)

I take it that any affirmative act on the part of the plaintiff, after default and within a proper limit of time, which may fairly be said to show his purpose to take advantage of his option, is sufficient to sustain this finding.

The parties, had they so desired, could have stipulated in the mortgage that, before a choice to declare the whole amount due became effective, notice must be given to the mortgagors or the owner of the equity of redemption, or that the mortgagee must indicate his intention in some particular way. That was not done here. The instrument failed to state how the option should be evidenced.

If the plaintiff actually elected to declare the whole amount of this bond and mortgage due for the non-payment of an installment of interest, such act inured to the benefit of the Henels, who guaranteed the payment of the mortgage debt, and, as to them, the election is irrevocable and cannot be waived by the mortgagee without their consent. (*Ost* v. *Mindlin*, 170 App. Div. 558; affd., 224 N. Y. 668; *Kilpatrick* v. *Germania Life Ins. Co.*, 183 id. 163; *Pizer* v. *Herzig*, 120 App. Div. 102.)

This brings us to a discussion of whether there is any evidence of affirmative acts on the part of the plaintiff to warrant the finding of the trial court.

On October 5, 1926, appellant filed in the Erie county clerk's office a complaint demanding a judgment of foreclosure and sale of the bond and mortgage in question, and making the Henels and Mrs. Lutz parties defendants. At the same time he filed and recorded a *lis pendens*. It is true that there was no allegation in the complaint that plaintiff had exercised his option and had chosen to declare the total mortgage indebtedness due and payable. But, in view of plaintiff's testimony as to what he had actually done, I think that it is fair to assume that the foreclosure was not limited to a recovery of the installment of interest due, but was

brought upon the theory that the total principal was then due and payable.

Plaintiff went no further with his contemplated action than to file his *lis pendens* and his complaint. None of the defendants were served, nor did they voluntarily appear. The action, therefore, was never commenced. The complaint was faulty in that it failed to allege a default. Nevertheless, it was an affirmative act on the part of the plaintiff tending to show his purpose to enforce his rights, and in view of his sworn statement as to his election, I think that it may properly be construed as an affirmative act to put into effect that determination.

But there are other things which the plaintiff did confirmatory of his mental resolution to declare the principal of the mortgage due, and which make that purpose apparent.

After the complaint and *lis pendens* were filed, Mrs. Lutz offered to pay appellant the interest then due, but he refused to accept it, stating that he had commenced a foreclosure action. Mrs. Lutz then went to her attorney, who took the matter up with the plaintiff, and urged him to accept this payment, which at first he refused to do. While plaintiff did not, in so many words, base his declination to accept this installment of interest on the ground that the total indebtedness was due because of his election, I think, in view of appellant's testimony that he had so elected, it is a fair inference that such was the reason. If this is not so, plaintiff had no right to refuse the money tendered, because no action had been commenced, and plaintiff, therefore, was not entitled to costs. No possible excuse exists for plaintiff's refusal to accept the payment of the August interest when it was tendered by Mrs. Lutz, except upon the theory that the principal of the mortgage was then due as well as the interest.

In *Pizer* v. *Herzig* (120 App. Div. 102) one Beckon had given a mortgage to the plaintiff, the principal of which was to be paid in installments. The mortgage contained the usual interest clause. The defendant Herzig purchased the property subject to the mortgage. There came a time when there was a default in the payment of interest. On November first, eleven days after the expiration of the date provided for payment after default, a check was mailed to plaintiff for this interest. The following day plaintiff filed, in the proper clerk's office. a *lis pendens* and a verified complaint in a foreclosure action. The summons and complaint were served on the third. On the fifth, defendant received his check back by mail in a letter written on the third, stating that it was returned because it had been received after the *lis pendens* and complaint had been filed. The court says (at p. 105): " In the case at bar

the sending of a check by mail eleven days after the twenty days had expired, which was received upon the very day that the complaint was verified and the *lis pendens* filed and which was promptly returned, in no way interfered with the right of the mortgagee, which had already accrued, to exercise his option."

There is another affirmative act on the part of plaintiff, which I think further indicates his election to declare the principal sum forthwith due and payable. He wrote Mrs. Lutz the last of September, or the first of October, that there was a default in the payment of interest, and that if it was not paid he would foreclose. While he did not, in so many words, say that he would elect to declare the total amount of the indebtedness due, I think a fair inference can be drawn that plaintiff would not foreclose for an installment of the interest when he could, by a mere declaration, cause the principal sum to become due and payable, and close the whole transaction in one action. Plaintiff's subsequent refusal to accept the interest when tendered bears out this conclusion. He did start to put his threat into execution.

I think that the filing of a verified complaint in foreclosure, the refusal of the plaintiff to accept the interest, and his threat to foreclose, read in connection with his statement that at this time he had actually made his election, justifies a finding that his real reason for refusing to take the money was because the whole amount of the principal was due, and that his contemplated foreclosure was founded on that theory.

In my opinion, there is ample evidence to sustain the finding of the trial court that on or about October 5, 1926, the plaintiff duly elected, in accordance with the terms and conditions of the bond and mortgage, to declare the entire principal sum and accrued interest represented thereby fully and immediately due and payable, by reason of the default of the defendant Lutz in the payment of the installment of interest due August 1, 1926. If that is so, this judgment should be affirmed. I advise such disposition of the case.

THOMPSON, J., concurs.

Judgment reversed on the law, with costs, and judgment directed for the plaintiff for the relief demanded in the complaint, with costs. Certain findings of fact disapproved and reversed on the law, certain conclusions of law disapproved, and new findings and conclusions made.