LOUIS SELIGMAN and Another, Respondents, *v.* BENJAMIN BURG and Another, Appellants, Impleaded with SWANKIRK REALTY CORPORATION and Another, Defendants.

Second Department, July 8, 1931.

*Bernard M. Kommel*, for the appellants.

*Isidore Ginsberg*, for the respondents.

CARSWELL, J. This is a foreclosure action. The breach provoking it is the failure of defendants to pay $150 interest due on August 28, 1930, which breach, according to the plaintiffs, accelerated the due date of the principal of $5,000. The question

is whether or not tenders, on October 15, 1930, and October 16, 1930, by defendant Burg of $151.50 (being the $150 interest due on August 28, 1930, plus interest thereon of $1.50 covering up to October twenty-eighth) barred the commencement of this action on October 20, 1930.

Plaintiffs assert that prior to the tender of October 15, 1930, they, on October 8, 1930, declared their intention to exercise their option to declare the principal due as a consequence of the default of the defendants. This contention is based upon a letter signed by one Ginsberg as attorney for plaintiff Louis Seligman. The letter was not signed on behalf of the coplaintiff, Rita Seligman. She did not appear in the matter until the action was commenced, when she verified the complaint. The election on October 8, 1930, by Louis Seligman did not inure to the benefit of the co-obligee, Rita Seligman, who did not manifest an intention to join in the election until after a valid tender had been made by the obligors. (*Cresco Realty Co.* v. *Clark*, 128 App. Div. 144.) The communication of October 8, 1930, did not make untimely the tender by defendants Burg on October 15, 1930. The tender barred the commencement of this action on October 20, 1930, unless a further contention of plaintiffs is sound.

Plaintiffs assert that the acceleration clause in the bond and mortgage does not contemplate the exercise of any option on the part of the obligees. They say that the provision is self-operative and that thirty days after default in the payment of interest the whole of the principal sum became due without further action on the part of the obligees. They say that the mortgage herein is not the short statutory form. The record does not contain the mortgage. We are given its pertinent language which parallels the corresponding provision in the statutory form. The clause herein reads:

" 4. That the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for thirty days, or after default in the payment of any tax, water rate or assessment for thirty days after notice and demand."

The clause covering the same subject-matter in the statutory instrument reads (Real Prop. Law, § 258, schedule " M," as amd. by Laws of 1917, chap. 681):

" 4. That the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for .................. days, or after default in the payment of any tax, water rate or assessment for .................. days after notice and demand."

The foregoing provision is preceded in section 258 by the following:

" § 258. Short forms of deeds and mortgages. The use of the following forms of instruments for the conveyance and mortgage of real property is lawful, but this section does not prevent or invalidate the use of other forms."

Section 254, subdivision 2, of the Real Property Law (as amd. by Laws of 1917, chap. 682) ▌ specifies the meaning attaching to the foregoing clause 4 as follows:

" § 254. Construction of clauses and covenants in mortgages and bonds. In mortgages of real property, and in bonds secured thereby or in assignments of mortgages and bonds, or in agreements to extend or to modify the terms of mortgages and bonds, the following or similar clauses and covenants must be construed as follows: * * *

" 2. Covenant that whole sum shall become due. A covenant ' that the whole of the said principal sum shall become due after default in the payment of any installment of principal or of interest for . . . . . . . . days, or after default in the payment of any tax, water rate or assessment for . . . . . . . . . . . . . days after notice and demand,' must be construed as meaning that should any default be made in the payment of any installment of principal or any part thereof, or in the payment of the said interest, or of any part thereof, on any day whereon the same is made payable, or should any tax, water rate or assessment, which now is or may be hereafter imposed upon the premises hereinafter described, become due or payable, and should the said interest remain unpaid and in arrear for the space of . . . . . . . . . . . . . days, or such tax, water rate or asessment remain unpaid and in arrear for . . . . . . . . . . . . . days after written notice by the mortgagee or obligee, * * * that such tax or assessment is unpaid, and demand for the payment thereof, then and from thenceforth, that is to say, after the lapse of either one of said periods, as the case may be, the aforesaid principal sum, with all arrearage of interest thereon, *shall, at the option of the said mortgagee or obligee*, his executors, administrators, successors or assigns, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired, anything thereinbefore contained to the contrary thereof in any wise notwithstanding."

The foregoing section 254 purports to determine the construction to be placed upon certain specified clauses and ·covenants in all bonds and mortgages where the language in such clauses is the *same or similar* to that contained in the section. The language contained in the instrument herein and the language on the same

subject in the statute is identical. That section requires such language to be construed as requiring the obligee to exercise the option to avail himself of the acceleration clause in the event of a default in the payment of interest or principal. The same language in the instrument sued upon herein, which is the counterpart of the language in the statutory form, should be given the same effect in the absence of precise and apt phraseology indicating that the statutory meaning attaching to such language is not intended. This view does not prevent an obligor and an obligee from making an instrument different from that contained in the statute. It merely requires them to utilize words other than those the effect of which has been declared by statute, if they desire to contract with each other in a manner different from that stated in the statute. They can, by apt language, readily evince such a contrary intention. If they fail to do so, that is, use language upon which a statutory interpretation has been placed, then the instrument should not be construed to evince an intention contrary to the statutory construction even if the instrument contains separate unrelated provisions in addition to those contained in the statutory short form.

Some cases contain *obiter dicta* which would indicate that section 254 has no application to instruments other than those in the short statutory form. The statute, however, is not of so narrow a character. The section, in its introductory provision, provides that certain clauses and covenants in mortgages and bonds are to be construed in a given manner and refers to such clauses as " the following or similar clauses." Construing precisely the same language as having different meanings in the same kind of instruments, dependent upon whether the instrument purports to be in the short statutory form or in another form embodying the short statutory form in whole or in part, would result in endless confusion. If it be desired to achieve an end different from the end achieved by the statutory effect given to particular language, then that precise phrasing should be avoided and apt language used to achieve that different end.

In the case at bar the language utilized is the same as the language contained in the statutory short form covering the corresponding subject-matter. That language has been given a statutory construction requiring that it be deemed to be available as an option on the part of the obligee in the event of a breach of the specified provisions. It follows that until the obligee indicates an intention to exercise that option, the right of the obligor to tender the moneys due persists, and, if availed of before the obligee evinces an intention to exercise the option, the tender is effective to bar the bringing

of an action in foreclosure. (*Cresco Realty Co.* v. *Clark, supra.*) The case of *Graf* v. *Hope Building Corp.* (254 N. Y. 1) is not to the contrary. There the action was begun before a tender was made of the amount due, and the beginning of the action was effective as an exercise of the option of the mortgagee or obligee to avail himself of the acceleration clause.

Accordingly, the judgment herein should be reversed upon the law, with costs, and the complaint dismissed, without costs.

LAZANSKY, P. J., YOUNG, HAGARTY and DAVIS, JJ., concur.

Judgment reversed upon the law, with costs, and complaint dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.