SOL FIEBER, Respondent, v. VITO CARDASSI and Others, Defendants; GAETANA CARDASSI, Appellant.— Order reversed on the law and the facts, without costs, and motion of defendant Gaetana Cardassi granted to the extent that the action be discontinued and the *lis pendens* canceled, on condition that said defendant

within five days from the date of this order pay to the plaintiff all sums of interest due on the mortgage to date and the taxable costs of the action. If said defendant fails to comply with said condition, the order is affirmed, with ten dollars costs and disbursements. The mortgagors having theretofore made substantial reduction of the amount of principal, made default on July 1, 1933, in paying a fifty-dollar installment of principal, and the interest for three months, amounting to twenty-seven dollars and seventy-five cents. It appears that water rates in the sum of twenty-one dollars had not been paid, and a paving assessment of an unnamed sum was also unpaid. The plaintiff commenced this action for foreclosure of his $1,850 mortgage on August twenty-fifth. The property (subject to one or more mortgages besides this) is said to be fairly worth a substantial sum in excess of all mortgages. The day following the bringing of the action there was enacted and took effect certain remedial legislation known as sections 1077-a–1077-e of the Civil Practice Act. The legislation was intended to furnish relief to distressed debtors where mortgagees were acting with precipitate haste, as in this case. The mortgagors paid the water rates and the paving tax and tendered the interest at some time after the commencement of the action at a date not definitely shown. It may or may not have been within thirty days after the enactment of section 1077-e. If not, then we think a timely tender was waived by plaintiff, for it is admitted that negotiations were carried on for the purpose of settling the action. On motions to discontinue, ineptly conducted, the mortgagors have tendered interest and taxable costs. We think a liberal rule should be applied to this case and plaintiff should not be allowed to carry on to judgment and sale a foreclosure suit where only twenty-seven dollars and seventy-five cents of interest is involved — if the mortgagors will avail themselves promptly of the remedies given them. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.