NORTHPORT TRUST COMPANY, as Executor, etc., of ELEANOR CHAPPELL, Deceased, Respondent, v. HENRY F. RICHARDSON, Appellant.— Plaintiff seeks to foreclose a mortgage for default in one interest payment. The original due date

of the mortgage was 1913, and under section 1077-a of the Civil Practice Act, by operation of law, the mortgage will not become due until six months after termination of the emergency. Defendant, on June first, tendered a check for the interest, which was refused, not, however, on the ground that it was not legal tender. Thereafter, a summons and complaint and *lis pendens* were mailed to the county clerk's office, but before the filing thereof in this office defendant tendered the cash to plaintiff's president, who refused it, referring defendant to plaintiff's attorney, and immediately thereafter, and prior to the filing of the *lis pendens*, defendant tendered the cash, first to a stenographer in the office of plaintiff's lawyers, and, a few moments later, to the lawyer who had charge of the case, who received and retained the money and then served defendant with the summons and complaint. All the tenders, except the first, were in cash, and were of the amount due for interest, together with interest on the interest. The complaint does not allege plaintiff's election to declare the principal sum due by reason of the default in payment of interest. After the last tender and the retention of payment by plaintiff's attorney, and on the same day, the summons and complaint and the *lis pendens* arrived at the county clerk's office. The only dispute is as to whether the complaint was served before or after the last tender and the retention of the money by plaintiff's attorney. It is not material which is the fact. Earlier tenders are alleged and not denied. The order denying defendant's motion for judgment under rule 113 of the Rules of Civil Practice is reversed on the law and the facts, with ten dollars costs and disbursements, and the motion is granted, with ten dollars costs. (*Fieber* v. *Cardassi*, 241 App. Div. 743; *Albertina Realty Co.* v. *Rosbro Realty Corp.*, 258 N. Y. 472; *Home Bldg. & L. Assn.* v. *Blaisdell*, 290 U. S. 398; *Cresco Realty Co.* v. *Clark*, 128 App. Div. 144; *Walsh* v. *Henel*, 226 id. 198; *Beach* v. *Shanley*, 35 id. 566.) Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.