446 WEST 44TH STREET INC., Respondent, *v.* RIVERLAND HOLDING CORPORATION, Appellant, et al., Defendants.

First Department, November 26, 1943.

*John J. Mangini* of counsel (*Raphael V. Grottola,* attorney), for appellant.

*Jacob Goodman* for respondent.

UNTERMYER, J.   On October 15, 1941, Riverland Holding Corporation, to which, for convenience, we shall refer as the defendant, executed a mortgage for $2,000 on real estate in the Borough of Manhattan, which provided for payments of principal, " in quarter-annual installments of One Hundred ($100.00) Dollars or more each, the first payment of which shall be due on the 15th day of January, 1942, and quarter-annually thereafter until paid, with interest thereon to be computed from the 15th day of October, 1941, at the rate of five (5%) per centum per annum ".   The mortgage further provided: " That the whole of said principal sum shall become due at the option of the mortgagee immediately after default in the payment of any installment of principal on its due date, or after default in the payment of interest for ten days."   The defendant having failed to pay promptly the installment of principal which became due on January 15, 1943, the plaintiff immediately ordered a foreclosure search of the title to be made with the evident intention of commencing foreclosure proceedings.   The plaintiff did not, however, notify the defendant that it had

elected to declare due the entire principal nor did it disclose by any other overt act its election to accelerate the date of maturity. The defendant not having received notice of such election on January 22, 1943, caused to be sent to the plaintiff, by mail, its certified check for the quarterly installment of principal and interest due on January 15, 1943, which the plaintiff refused to accept. This action to foreclose the mortgage followed on February 10, 1943.

The plaintiff asserts that it made an effective election to declare due the entire principal of the mortgage by directing a foreclosure search to be made for the purpose of instituting foreclosure proceedings. We think that to constitute such an election something more than this is necessary and that it must consist either of notice of election to the mortgagor (*Walsh* v. *Henel*, 226 App. Div. 198; *Cresco Realty Co.* v. *Clark*, 128 App. Div. 144) or of some unequivocal overt act manifesting an election in such a way as to entitle the mortgagor, if he desires, to discharge the principal of the mortgage. A mental operation followed by instructions to commence a foreclosure search is not sufficient for that purpose.

The second question which invites attention is the right of the defendant on January 22, 1943, to pay the installment of principal due on January 15th if, as we hold, the option to declare due the entire principal had not then been effectually exercised. We think that right existed and that it has several times been sustained by decisions of this court, later approved by a decision of the Court of Appeals. In *Cresco Realty Co.* v. *Clark* (*supra*) this court said: " The right to maintain the suit depends on such election being seasonably made. Until it is made, nothing is due but the interest, and therefore a tender of the interest is in time and must be accepted." Again, in *Seligman* v. *Burg* (233 App. Div. 221), we held that " until the obligee indicates an intention to exercise that option, the right of the obligor to tender the moneys due persists, and, if availed of before the obligee evinces an intention to exercise the option, the tender is effective to bar the bringing of an action in foreclosure."

These decisions received the approval of the Court of Appeals in *Albertina Realty Co.* v. *Rosbro Realty Corp.* (258 N. Y. 472) where, notwithstanding that the right to institute an action of foreclosure was sustained upon other grounds, the court said that " until the plaintiff exercised his right to have the whole amount become due, there remained due only the installment of one hundred sixty-six and 66/100 dollars ($166.66) of prin-

cipal, and if the tender was made before the right of election was exercised, it could not be thereafter availed of by plaintiff. (*Cresco Realty Co.* v. *Clark*, 128 App. Div. 144.) "

Since the defendant tendered the amount of the installment of principal and the accrued interest before the plaintiff had made an effective election to declare due the entire principal of the mortgage, it follows that no action to foreclose the mortgage could be maintained.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

TOWNLEY, DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.